**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No.: RWT 09cr019 |
| | * | |
| **JESUS MANZO-APARICIO** | * | |

## MEMORANDUM OPINION AND ORDER

Defendant Jesus Manzo-Aparicio ("Manzo-Aparicio") pled guilty to unauthorized reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). ECF No. 37-1. On October 14, 2009, Manzo-Aparicio was sentenced to 96 months imprisonment followed by a supervised release term of three years. ECF No. 24. The U.S. Court of Appeals for the Fourth Circuit affirmed Manzo-Aparicio's conviction on April 1, 2011. ECF No. 37.

When Manzo-Aparicio was sentenced, the Court determined the advisory guideline range to be 77 to 96 months imprisonment, relying on a total offense level of 21 and a criminal history category of VI. ECF Nos. 25, 44-2 at 2-3. The Court adopted the factual findings and advisory guideline application in the presentence investigation report without change. ECF Nos. 25, 44-2 at 2-3. The presentence report calculated his offense level using (1) a base offense level of 8 pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(a), (2) a 16 level enhancement under § 2L1.2(b)(1)(A) of the guidelines because the Defendant had previously been deported after a conviction for a felony that is a crime of violence, and (3) a three level reduction for acceptance of responsibility. ECF No. 48 at 5.

On August 26, 2013, Manzo-Aparicio filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and the Fair Sentencing Act of 2010. ECF No. 41. In his motion, Manzo-Aparicio argues that pursuant to an amendment to the Sentencing Guidelines made effective in 2011, his total offense level should be readjusted from 21 to 17, and that as a result, his sentence should be reduced from 96 months to 63 months. ECF No. 41.

At the time of sentencing, U.S. Sentencing Guidelines Manual § 2L1.2(b)(1) read in part: "[i]f the defendant previously was deported, or unlawfully remained in the United States, after— (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by **16** levels." U.S.S.G. § 2L1.2(b)(1) (2008). On November 1, 2011, Amendment 754 modified U.S. Sentencing Guidelines Manual § 2L1.2(b)(1) to read:

> If the defendant previously was deported, or unlawfully remained in the United States, after— (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by **16** levels *if the conviction receives criminal history points under Chapter Four or by **12** levels if the conviction does not receive criminal history points*.

U.S.S.G. § 2L1.2(b)(1) (2011) (emphasis added).

Manzo-Aparicio argues that under the amended guidelines, his offense level should be increased by only 12 levels instead of 16. ECF No. 41. He also requests that the duration of his supervised release be adjusted from three years to two years. ECF No. 41. He appears to argue that because Amendment 756[1] to U.S. Sentencing Guidelines Manual § 5D1.2 reduced the minimum terms of supervised release for Class A & B and Class C & D felonies by one year each, his term of supervised release should also be reduced by one year. ECF No. 41; *compare* U.S.S.G. § 5D1.2(a) (2008) *with* U.S.S.G. § 5D1.2(a) (2011).

---

[1] Although Manzo-Aparicio refers only to the Fair Sentencing Act of 2010, it appears he is referring to Amendment 756. *See* ECF No. 41.

The Government filed a response to Manzo-Aparicio's motion on April 24, 2014, asserting, among other things, that Amendment 754 to the Sentencing Guidelines does not apply retroactively. ECF No. 45. Under 18 U.S.C. § 3582(c)(2), certain post-sentencing amendments to the Sentencing Guidelines may allow a court to amend a defendant's sentence:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). However, the applicable policy statement makes only the amendments listed in U.S. Sentencing Guidelines Manual § 1B1.10(c) retroactive. This provision does *not* list Amendments 754 or 756. U.S.S.G. § 1B1.10(c). Therefore, Manzo-Aparicio's Motion for Sentence Reduction pursuant to Amendments 754 and 756 will be denied, as those amendments do not apply retroactively to his sentence.[2]

Nevertheless, in reviewing Manzo-Aparicio's file, it appears that his offense level was increased by 16 levels based on the conclusion that two prior second degree assault convictions in Maryland constituted a "crime of violence" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A). *See* ECF No. 48 at 5, 9. In light of the recent decisions by the U.S. Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and the U.S. Court of Appeals for the Fourth Circuit in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), this Court will construe the balance of Manzo-Aparicio's Motion for Sentence Reduction as a petition for relief under 28 U.S.C. § 2255. Because it would appear that there may be some basis for relief under

---

[2] In addition, even if Amendment 754 did apply retroactively, the Government correctly points out that Manzo-Aparicio's "prior conviction that resulted in the 16-level increase did receive criminal history points under Chapter Four." ECF No. 46 at 3; *see* ECF No. 48 at 9.

*Descamps* and *Royal*, this Court will appoint the Federal Public Defender to review Manzo-Aparicio's file and file an amended petition for relief under § 2255 should the Federal Public Defender conclude that the Defendant is entitled to relief under *Descamps* and *Royal*.

Accordingly, it is, this 23rd day of July, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion for Sentence Reduction [ECF No. 41] is **DENIED** to the extent it seeks relief under Amendments 754 and 756 to the U.S. Sentencing Guidelines Manual; and it is further

**ORDERED**, that the Court will treat the balance of the Defendant's Motion for Sentence Reduction [ECF No. 41] as a petition for relief under 28 U.S.C. § 2255; and it is further

**ORDERED**, that the Federal Public Defender is appointed to represent the Defendant in connection with his 28 U.S.C. § 2255 proceeding and to review his file in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013); and it is further

**ORDERED**, that the Defendant and the Federal Public Defender are granted leave to file an amended petition for relief pursuant to 28 U.S.C. § 2255 under *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013); and it is further

**ORDERED**, that the Clerk shall send a copy of this Order to the Defendant and to the Office of the Federal Public Defender.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE